IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
————————————————————————————— X

DUWAYNE L. TERRY,

                              Plaintiff,


V.                                                    COMPLAINT

                                                      CIVIL ACTION NUMBER:

PAROLE BOARD CHAIRMAN TINA STAMFORD,
PAROLE COMMISSIONER CRANGLE,                          ————————————————
PAROLE COMMISSIONER DEMOSTHENES,
PAROLE COMMISSIONER SHAPIRO,                          JURT TRIAL DEMANDED

PAROLE OFFICER JANE DOE,
SENIOR PAROLE OFFICER JANE DOE,
BRONX PAROLE BUREAU CHIEF JOHN DOE,

INMATE GRIEVANCE DIRECTOR SHELLEY MALLOZZI,
CENTRAL OFFICE REVIEW DIRECTOR KAREN BELLAMY,

EACH IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES,
                              Defendants.
————————————————————————————— X

RECEIVED
MAY 18 2020
PRO SE OFFICE

## I  COMPLAINT

    Plaintiff, <u>DUWAYNE L. TERRY</u>, Pro-Se litigant, layman of the Court,
respectfully alleges:

1. This is a 42 U.S.C. Section 1983 claim for punitive damages and injunctive
   relief arising out of the ongoing violations of Mr. Terry's rights under
   the Eighth and Fourteenth Amendments of the Constitution of the United
   States. As set forth more fully herein, persons working for the New York
   State Department of Corrections and Community Supervision under the color
   State Law of the State of New York, individually, and in their official
   capacities, did:

> Arbitrarily impose Executive Law §259-c(14) (SARA'S LAW) against plaintiff under the guise that such law is applicable to him;

> Become deliberately indifferent to the laws that govern plaintiff's indeterminite sentence and both failed to either investigate or approve any of the SARA compliant housing proposals plaintiff submitted to his Parole Officer through his facility Corrections Counselor;

> Created a policy or custom that by design is meant to continually punish plaintiff by requiring his presence for a reappearance before the Board of Parole eight months after he was supposed to have been released to Conditional Release;

> Did nothing to address the deprivation of plaintiff's rights despite knowing it was wrong, and did not try to stop it or fix it.

## II   PARTIES JURISDICTION AND VENUE

2.  Plaintiff, <u>DUWAYNE L. TERRY</u>, is, and was at all relevant times mentioned herein, an inmate being held by the New York State Department of Corrections and Community Supervision, and whose current address is Washington Correctional Facility, 72 Lock 11 Lane, P.O.Box 180, Comstock, N.Y. 12821-0180.

3.  Plaintiff, <u>DUWAYNE L. TERRY</u>, is, and was at all relevant times mentioned herein, an adult citizen of the United States and a resident of the State of New York.

4.  Defendant <u>TINA STAMFORD</u>, is, and was at all relevant times mentioned herein, a person who works for the New York State Department of Corrections and Community Supervision in an official capacity as Chairmen of the New York State Board of Parole, under the color of State Law of the State of New York.

5. Defendant <u>CRANGLE</u>, is, and was at all relevant times mentioned herein, a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as a Commissioner for the New York State Board of Parole, under the color of State Law of the State of New York.

6. Defendant <u>DEMOSTHENES</u>, is, and was at all relevant times mentioned herein, a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as a Commissioner for the New York State Board of Parole, under the color of State Law of the State of New York.

7. Defendant <u>SHAPIRO</u>, is, and was at all relevant times mentioned herein, a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as a Commissioner for the New York State Board of Parole, under the color of State Law of the State of New York.

8. Defendant <u>JANE DOE</u>, is, and was at all relevant times mentioned herein, a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as plaintiff's Parole Officer for the New York State Division of Parole, under the color of State Law of the State of New York.

9. Defendant <u>JANE DOE</u>, is, and was at all relevant times mentioned herein, a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as a Senior Parole Officer for the New York State Division of Parole, under the color of State Law of the State of New York.

10. Defendant <u>JOHN DOE</u>, is, and was at all relevant times mentioned herein, a person who works in an official capacity as a Bronx Bureau Chief, staffed at the New York State Division of Parole, under the color of State law of the State of New York.

11. Defendant <u>SHELLEY MALLOZZI</u>, is, and was at all relevant times mentioned herein, a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as Director of Inmate Grievance Committee in Albany, N.Y., under the color of State Law of the State of New York.

12. Defendant <u>KAREN BELLAMY</u>, is, and was at all relevant times mentioned herein a person who works in the New York State Department of Corrections and Community Supervision in an official capacity as Director of Central Office Review Committee, under the color of State Law of the State of New York.

13. This Court has jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343 (3) and (4). The matters in controversy arise under 42 U.S.C. Section 1983, to remedy the deprivation, under the color of State Law, of rights guaranteed by the Eighth and Fourteenth Amendments of the Constitution of the United States. Venue properly lies in this jurisdiction pursuant to 28 U.S.C. Section 1391 (b)(2), because the events giving rise to this cause of action began at the Bronx II Area Office, located at 82 Lincoln Avenue, Bronx, N.Y.

### III PREVIOUS LAWSUITS BY PLAINTIFF

14. Plaintiff has filed no previous lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

## IV  EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.  After August 15th, 2018, which is when plaintiff's Conditional Release Date lapsed without him having heard from his Parole Officer, defendant JANE DOE in the Bronx, he filed a Parolee Grievance on PAROLEE GRIEVANCE FORM #9402BCS in accordance with the Directive. The grievance was forwarded to her Supervisor, defendant JANE DOE, who is a Senior Parole Officer, and both of whom work out of the Bronx Area II Office at 82 Lincoln Avenue, Bronx, N.Y., and in the time allowed for defendant JANE DOE, Senior Parole Officer to respond to plaintiff in accordance with Directive #9402, she never did.

16.  Plaintiff then filed the second part of PAROLEE GRIEVANCE FORM #9402BCS against Senior Parole Officer JANE DOE, and forwarded it directly to defendant JOHN DOE, who is a Bronx Bureau Chief staffed at the same address, Bronx Area II Office, 82 Lincoln Avenue, Bronx, N.Y., and in the time allowed for defendant JOHN DOE, Bronx Bureau Chief to respond to plaintiff in accordance with Directive #9402, he never did.

## THE ALLEGATIONS

> ARBITRARILY IMPOSED EXECUTIVE LAW §259-c(14)(SARA'S LAW) AGAINST PLAINTIFF UNDER THE GUISE THAT SUCH LAW IS APPLICABLE TO HIM:

17.  Sexual Assault Reform Act's restrictions (SARA'S LAW), on parolees being on or near school grounds applies to either:

. (1)  An offender serving a sentence for one of the enumerated offenses whose victim is under the age of eighteen years old;

OR

. (2)  An offender serving a sentence for one of the enumerated offenses who is designated a Level III Sex Offender.

18.  Plaintiff's conviction for one of the enumerated offenses was more than
30 years ago, and the sentence for that conviction has been expired for
more than 19 years without plaintiff having reoffended despite every
public and statistical opinion that says he would. This may mean absolutely
nothing to defendants. However, Executive Law §259-c(14)(SARA'S LAW) still
should not have been imposed against him, because:

  · It cannot be imposed against plaintiff without there first being
    an investigation into the SARA compliant housing proposals he
    submitted previously to defendant JANE DOE, his Parole Officer,
    who has neither visited, spoken to by phone, to any member of
    plaintiff's family, nor inquired otherwise into any other of his
    housing proposals;

  · It cannot be imposed against plaintiff since it is not a part of
    the sentencing matrix by the Court of plaintiff's conviction;

  · It cannot be imposed against plaintiff through an effort that
    arrogates the final decision of the Commissioner of the New
    York State Department of Corrections and Community Supervision
    once plaintiff is granted his good time through his Time Allowance
    Committee Review, and is in accordance with the laws that govern
    his indeterminite sentence since he is not serving a sentence for
    one of the enumerated offenses.

19.  In the center of plaintiff's Certificate of Earned Eligibility Determina-
tion Notice, it states:

    THIS IS TO NOTIFY YOU THAT PURSUANT TO SECTION 805 OF THE CORRECTIONAL
    LAW, YOUR RECORD OF PROGRAM ATTENDANCE, PARTICIPATION AND PROGRESS HAS
    BEEN REVIEWED WITH REGARD TO THE EARNED ELIGIBILITY PROGRAM.
    THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS AND COMMUNITY
    SUPVISION HAS REACHED THE FOLLOWING DETERMINATION, WHICH HAS BEEN
    FORWARDED TO THE DIVISION OF PAROLE. ANY QUESTIONS REGARDING THIS
    DECISION SHOULD BE ADDRESSED TO YOUR OFFENDER REHABILITATION COORDINATOR
    IMMEDIATELY.

Cont.

AND...

On the bottom of Plaintiff's Time Allowance Committee review, it states:

NOTICE TO INMATE: PURSUANT TO 7 NYCRR, CHAPTER V., PART 262, ALL TIME ALLOWANCE COMMITTEE DECISIONS ARE AUTOMATICALLY REVIEWED BY THE COMMISSIONER OR HIS DESIGNEE. THE DECISION OF THE COMMISSIONER OR HIS DESIGNEE IS FINAL. YOU MAY REQUEST RECONSIDERATION OF ANY DECISION TO WITHOLD GOOD TIME BY WRITING TO THE TIME ALLOWANCE COMMITTEE CHAIRMAN.

Plaintiff respectfully requests from this Court that defendant TINA STAMFORD, Chairman of the New York State Board, be ordered by the Court, to produce the following records:

- The approximate date she imposed SARA'S LAW against plaintiff;
- A copy of the deliberations from plaintiff's initial Parole Board appearance from April of 2017;
- A copy of the deliberations from plaintiff's Parole Board reappearance from April 23rd, 2019.

> BECOME DELIBERATELY INDIFFERENT TO THE LAWS THAT GOVERN PLAINTIFF'S INDETERMINITE SENTENCE AND BOTH FAILED TO EITHER INVESTIGATE OR APPROVE ANY OF THE SARA COMPLIANT HOUSING PROPOSALS HE SUBMITTED TO HIS PAROLE OFFICER IN THE BRONX THROUGH HIS CORRECTIONS COUNSELOR:

20.  Plaintiff's institutional record represented him before his facility's Time Allowance Committee. The Time Allowance Committee members, who are in a better position than anyone else at that point of plaintiff's sentence, are best able to determine whether he should retain or lose any of his good time. Plaintiff's Time Allowance Committee Review contains the signatures of:

- His facility's Deputy Superintendent of Programs, who also functions as the Time Allowance Committee Chairman: his signature serves to recommend granting plaintiff his good time;

Cont.

- His facility's Superintendent: her signature serves to <u>confirm</u> granting plaintiff his good time;

- The Commissioner of the New York State Department of Corrections and Community Supervision: his signature serves to <u>affirm</u> granting plaintiff his good time.

Since the language in plaintiff's Earned Eligibility Determination Notice is binding, and the Commissioner of the New York State Department of Corrections and Community Supervisions' decision is final and supported pursuant to 7 NYCRR, CHAPTER V, PART 262,

- How does the actions taken against plaintiff by defendant <u>TINA STAMFORD</u>, Chairman of the New York State Board of Parole conciliate the need to require plaintiff's presence for a reappearance before the Board of Parole eight months <u>after</u> the Commissioner of the New York State Department of Corrections and Community Supervision granted plaintiff his good time?

- Under whose authority were defendants <u>JANE DOE</u>, plaintiff's Parole Officer, <u>JANE DOE</u>, her Supervisor, and <u>JOHN DOE</u>, Bronx Parole Bureau Chief, required to not only fail to either investigate and/or approve any of plaintiff's SARA compliant housing proposals, but also fail to respond to his request to learn his parole status or to his grievances?

21. Included in the four SARA compliant housing proposals plaintiff submitted to defendant <u>JANE DOE</u>, his Parole Officer in the Bronx through his facility Corrections Counselor is the <u>VOLUNTEERS OF AMERICA SHELTER FOR THE HOMELESS</u> which sits on a plot of land known as the <u>GRASSLANDS RESERVATION</u>, along with the <u>WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS</u>, the <u>WESTCHESTER COUNTY MEDICAL CENTER</u>, and the <u>GRASSLANDS PSYCHIATRIC CENTER</u>. the grounds

upon which all of these buildings sit is so vast that a person may begin to travel from the center of the grounds, go into any direction desired for at least 2000 feet, and not only still be on the grounds of the

Cont.

GRASSLANDS RESERVATION, but may travel for another 1000 feet without being anywhere near places where parolees are restricted by SARA'S LAW. It is the LAW, that any person who is a resident of Westchester County, is homeless, and has a criminal history similar to that of plaintiff, that person MUST reside at the VOLUNTEERS OF AMERICA SHELTER FOR THE HOMELESS, and not only has plaintiff been paroled there once, but has also resided there on two separate occasions.

22. Submitted with the SARA compliant housing proposals to plaintiff's Parole Officer is a written request from plaintiff asking her to make contact with:

- The shelter's Client Supervisor Michelle;
- Plaintiff's former Client Counselor Mr. Tyler;
- The shelter's Floor Manager Steve;
- The shelter's CEO.

All of whom will have responded positively to plaintiff's Parole Officer regarding his active participation in all of the comprehensive behavior modification programs offered at the shelter, and also would have informed her that not only has plaintiff always been very respectful towards all of the shelter's staff and other clients, but is an asset as well.

> CREATED A POLICY OR CUSTOM THAT BY DESIGN IS MEANT TO CONTINUALLY PUNISH
PLAINTIFF BY REQUIRING HIS PRESENCE FOR A REAPPEARANCE BEFORE THE BOARD
OF PAROLE EIGHT MONTHS AFTER HE WAS SUPPOSED TO HAVE BEEN RELEASED TO
CONDITIONAL RELEASE:

23. In March of 2019, plaintiff signed a waiver of appearance before the Board
of Parole to protest the actions taken against him by the New York State
Department of Corrections and Community Supervision as a whole:

- The Division of Parole for failing to either investigate or
approve any of plaintiff's SARA compliant housing proposals
and ignoring his grievances;

- The Board of Parole for requiring his presence for a
reappearance in violation of the Commissioner's final
decision and the laws that govern his indeterminite sentence.

24. Plaintiff's Parole Board interview was held in his absence on April 23rd,
2019, and he was denied release until the entirety of his sentence expires.

25. On June 05th, 2019, plaintiff submitted his Administrative Appeal to the
New York state Board of Parole Appeals Unit, and in the Administrative
Appeal Decision Notice, among the chief reasons for affirming the decision
to deny plaintiff's release to Conditional Release are:

    a. Plaintiff's instant offense;

    b. Plaintiff's prior sex offense conviction;

    c. plaintiff's refusal to appear before the Board of Parole.

26. In response to letter 'a' above, defendants would not have had the ability
to say with regard to plaintiff's instant offense had he not been required
to appear before a Board of Parole that is in violation of the Commission-
er's final decision and both Correctional Law §805, and Penal Law §70.40.

In response to letter 'b' above, defendants simply cannot show how their having imposed Executive Law §259-c(14) (SARA'S LAW) against plaintiff is applicable in any respect, and not just because of it's unambiguous language, but also because for as long as plaintiff's Parole Officer refuses to respond to him or explain her decision, it raises the question of what to do with plaintiff, and it is here that defendants create a policy or custom that by design is meant to continually punish plaintiff by requiring his presence before the Board of Parole eight months after he was supposed to have been released to Conditional Release. Plaintiff respectfully submits that his presence before the Board of Parole never mattered except to create an avenue through which defendants may continue to express their distaste concerning plaintiff's current crime and criminal history, because as shown in their Administrative Appeal Decision Notice, defendants readily admit to according greater weight to plaintiff's current crime and his criminal history.

In response to letter 'c' above, defendants cite SHAW V FISCHER, 126 A.D. 3d 1533 (2015) as their reason to claim that plaintiff has waived his right to preserve any procedural challenges to the manner by which their Parole Board interview was conducted. Plaintiff respectfully requests that this Court bar defendants' use of SHAW V FISCHER and deem it inapplicable, because:

. There is no New York State Department of Corrections and Community Supervision Administrative policy in place whereby defendants may claim that plaintiff has waived his right to preserve any procedural challenges to the manner by which their Parole Board interview was conducted;

- Defendants' misapplication of SHAW V FISCHER is an attempt by them to superimpose their decision to deny plaintiff's release onto a CPLR Article 78 Proceeding in the 4th Department of the Appellate Division of the New York State Supreme Court.

> DID NOTHING TO ADDRESS THE DEPRIVATION OF PLAINTIFF'S RIGHTS DESPITE KNOWING IT WAS WRONG, AND DID NOT TRY TO STOP IT OR FIX IT:

27. The entire issue of plaintiff's grievance, titled ALT-4608, PAROLE OFFICER CONTACTED, and the manner by which it continues to be deliberately mishandled by defendants is both a mystery and especially egregious towards plaintiff, because:

28. On January 23rd, 2020, plaintiff is called out to his facility's F.O.I.L. Officer and is finally provided with what defendants want him to believe is an appropriate response from defendant KAREN BELLAMY, Director of the Central Office Review Committee in Albany, N.Y. The entirety of the response from her should be deemed a nullity, because:

- (a) According to the Administrative policy that governs plaintiff's grievances against defendants JANE DOE, plaintiff's Parole Officer and her Supervisor, defendant JANE DOE, Senior Parole Officer, PAROLEE GRIEVANCE FORM #9402BCS is the only form upon which a parolee grievance will be accepted;

- (b) For that reason, the only person who should have responded to plaintiff at that point of his grievance is Defendant JOHN DOE, Bronx Parole Bureau Chief, and his failure to do so is one of the reasons why he is one of the defendants named in this lawsuit;

Cont.

- Plaintiff's grievance should never gotten into the hands of defendant SHELLEY MALLOZZI, Director of the Inmate Grievance Committee in Albany, N.Y. because it would suggest that plaintiff made an appeal to her against plaintiff's facility Superintendent, who confirmed granting plaintiff's Conditional Release 576 days earlier. For this reason, the response from defendant SHELLEY MALLOZZI, Director of the Inmate Grievance Committee in Albany, N.Y. creates a conflict of interest

- It is claimed that a full hearing was conducted on 11/20/19, and this is 400 days after it was received by Defendant SHELLEY MALLOZZI on 10/16/18;

- With defendant KAREN BELLAMY, Director of the Central Office Review Committee making the claim that an investigation was conducted in accordance with Directive #4040, this is not only an attempt to subvert the Directive upon which plaintiff grieved defendants JANE DOE, Parole Officer and JANE DOE, Senior Parole Officer while absolving defendant JOHN DOE, Bronx Parole Bureau Chief, from having to respond to plaintiff in accordance with Directive #9402, but she has also unknowingly placed her office in the position of having to produce an appeal from plaintiff to his facility Superintendent, if only to show this Court that an appeal exists to her in accordance with Directive #4040, or to anyone else in the first place.

29. The response from Defendant KAREN BELLAMY, Director of the Central Office Review Committee continues by stating that her office notes that grievant was not released to Community Supervision on 8/15/18 because the Board of Parole imposed special conditions of release regarding residency (SOH 220) requiring him to establish an approved SARA compliant address.

Cont.

- It is noted that he (plaintiff) does not currently have an approved SARA compliant address, and that counseling and parole are assisting him in finding a satisfactory residence.

30. <u>This is false in it's entirety. There is not a single person working for the New York State Department of Corrections and Community Supervision</u>, either inside or out of plaintiff's facility, in counseling or parole, who has spoken to plaintiff since Monday, August 13th, 2018 concerning his housing or parole. This is because of what has already been done to him by each defendant named in this lawsuit, because each of these have either attempted to, or has effectively absolved one another from having to say a word to plaintiff now that it is settled that he will remain incarcerated for the remainder of his indeterminite sentence.

WHEREFORE, Plaintiff prays for a judgement declaring that the defendants have acted in violation of the United States Constitution, and for a judgement in his favor in an amount sufficient to compensate him for the mental pain and anguish suffered by him due to the deliberate indifference and intentional misconduct of each defendant named in this lawsuit, but in no event less than $5,000.00 per defendant, for each day plaintiff has remained incarcerated beyond August 15th, 2018, together with his attorney's fees and costs, and for such other and further relief as this Court may deem just and proper.

Respectfully Submitted,

DUWAYNE L. TERRY 16A0396
Washington Correctional Facility
72 Lock 11 Lane, P.O.Box 180
Comstock, N.Y. 12821-0180

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK ) ss.:
COUNTY OF CLINTON )

I, DUWAYNE TERRY, being duly sworn, deposes and says:

1.  I am the Appellant in this Board of Parole Appeal proceeding, I am over 18 years of age and currently being held at Altona Correctional facility, 555 Devil's Den Road, P.O.Box 3000, Altona, N.Y. 12910, Town of Altona, County of Clinton.

2.  That on the __05th__ Day of June, 2019, I personally served true copies of:

    - Letter of Appeal - 3 copies
    - Certificate of Earned Eligibility - 3/30/17 - 3 copies
    - Certificate of Earned Eligibility - 4/02/19 - 3 copies
    - Time Allowance Committee Determination 5/02/18 - 3 copies
    - Parole Board Release Decision Notice - 04/24/19 - 3 copies

Annexed hereto upon:

NEW YORK STATE DEPARTMENT OF PAROLE
APPEALS UNIT
97 CENTRAL AVENUE
ALBANY, N.Y. 12206

_____

__Duwayne Terry 16A0396__
Appellant Pro - Se

Sworn To Before Me This ____ Day Of

June, 2019

_____

NOTARY PUBLIC AUTHORIZATION

DUWAYNE TERRY 16A0396
ALTONA CORRECTIONAL FACILITY
555 DEVIL'S DEN ROAD, P.O.BOX 3000
ALTONA, N.Y. 12910


MAY 15TH, 2019

NEW YORK STATE BOARD OF PAROLE
APPEALS UNIT
97 CENTRAL AVENUE
ALBANY, N.Y. 12206


To Whom It May Concern,

I am writing to appeal the decision of the Board of Parole to deny my release to parole until the maximum expiration date of my sentence based upon the following:

1. The determination fails to comply with statutory requirements;

2. The determination is excessive;

3. The determination is arbitrary and capricious;

4. The determination is irrational bordering on impropriety;

5. The determination is conclusory.

Duwayne Terry, the appellant, is currently serving an indeterminite sentence of 3-6 years for the crime of Grand Larceny in the 2nd° degree, in violation of New York State Penal Law §155.40 Appellant, whose parole board appearance was held on April 23rd, 2019, was waived by appellant, who signed a waiver of appearance form to protest the actions taken against him by the Department of Corrections as a whole, because he was supposed to have been released eight months prior on his Conditional Release date, and to this date has recieved no reply or response from his parole officer in the Bronx.

This is because appellant is a level III sex offender, who, despite submitting several SORA/SARA compliant addresses, is being subject to having to serve the entirety of his sentence without just cause.

## THE DETERMINATION FAILS TO COMPLY WITH STATUTORY REQUIREMENTS:

Appellant is serving an indeterminite sentence that is governed by both the Earned Eligibility Program pursuant to New York Correction Law §805, which states:

### §805 EARNED ELIGIBILITY PROGRAM

Persons committed to the custody of the department under an indeterminite or determinite sentence of imprisonment shall be assigned a work and treatment program as soon as practicable. No earlier than two months prior to the inmate's eligibility to be paroled pursuant to subdivision one of section 70.40 of the Penal Law, the Commissioner shall review the inmate's institutional record to determine whether he has complied with the assigned program. If the Commissioner determines that the inmate has successfully participated in the program he may issue a certificate of earned eligibility. Notwithstanding any other provision of law, an inmate who is serving a sentence with a minimum term of not more than eight years and who has been issued a certificate of earned eligibility, shall be granted parole at the expiration of his minimum term or as authorized by subdivision four of section eight hundred sixty-seven of this chapter unless the board of parole determines that there is a reasonable probability that, if such inmate were released, he will not live and remain at liberty without violating the law and that his release is not compatible with the welfare of society. Any action by the Commissioner pursuant to this section shall be deemed a judicial function and shall not be reviewable if done in accordance with the law.

Appellant is also serving his sentence governed by N.Y. Penal Law, which states:

MCKINNEY'S PENAL LAW §70.40

§70.40 RELEASE ON PAROLE; CONDITIONAL RELEASE; PRESUMPTIVE RELEASE

1.  Indeterminite Sentence:

(a) [Eff. until Sept. 1, 2019, pursuant to L. 19995, c. 3, §74, subd. d. See also paragraph (a) below.]

Release on parole shall be in the discretion of the board of parole, and such person shall continue service of his or her sentence or sentences while on parole, in accordance with and subject to the provisions of the Executive Law and the Correction Law.

Correction Law §805, and Penal Law §70.40 are the only laws appellant is currently sentenced in accordance with, and for the Department of Corrections to force appellant beyond his Conditional Release date under Executive Law, §259-c[14] is arbitrary and capricious, and irrational bordering on impropriety.

Just as bad - if not worse - is the fact that appellant was scheduled for a second parole board appearance after his conditional release date lapsed, and as such, there is no provision in the law(s) under which appellant is now sentenced that allows the Department of Corrections to schedule appellant to yet another parole board appearance.

THE DETERMINATION IS EXCESSIVE

Appellant should have been released to parole on his conditional release date eight (8) months ago on August 15th, 2018. Appellant went to his initial parole board interview in April of 2017, and was denied release to parole as the decision to hold appellant was for 24 months. This should have meant that, barring anything for which anyone in the Department of Corrections could have sanctioned appellant for that would give just cause to hold him past his conditional release date, appellant should have been released then because he has

not only an unblemished disciplinary record, but also has successfully parti-
cipated in and/or completed every program he was assigned, and has earned his
Earned Eligibility Certificate twice, which is unheard of in light of the fact
that his sentence is an indeterminite one, notwithstanding any other provision
of law, and for the members to determine that appellant should be held until
his maximum release date is excessive.

## THE DETERMINATION IS ARBITRARY AND CAPRICIOUS

For a determination to be made without consideration of or regard for
facts, whether judicially made - as is appellant's present situation - or not,
is arbitrary. Appellant respectfully asserts that it never mattered how well
he performs his assigned programs, and keeps an unblemished disciplinary record,
the members of the parole board justify their determination on appellant's
aggravating circumstances, and nothing else. Appellant also respectfully
asserts that the detrmination by the members of the parole board is character-
ized or guided by unpredictable and impulsiveness in that during appellant's
interview, the questions posed to him by members of the parole board were of
such deception, appellant believed that he should have been released on his
conditional release date at the very least, and it is not so. For the members
of the parole board to act in this manner is capricious.

## THE DETERMINATION IS IRRATIONAL BORDERING ON IMPROPRIETY

Appellant's receipt of earned eligibility certificate did not, under
correctional law provision applicable to such inmates, preclude parole board
from denying parole release or eliminate the board's discretion in release
determination, but did create presumption in favor of parole release of appell-
ant who did receive certificate of earned eligibility and completed minimum
term of imprisonment of eight years or less.

## THE DETERMINATION IS CONCLUSORY

Appellant concedes that, as a matter of his indeterminite sentence, the Board of Parole is within it's authority to have denied appellant's release to parole at least once, preferring that he remain incarcerated until his Conditional Release date because he has a lengthy criminal history, and it includes a violent felony. However, appellant is not currently serving a sentence for any of the enumerated sex offenses outlined in the Penal Law, and for appellant's parole officer to fail to investigate any of the four SORA/SARA compliant addresses he proposed to her and not provide a reason for not doing so either directly to him or through appellant's Offender Rehabilitation Counselor, along with the Department of Corrections improperly imposing Executive Law §259-c(14) upon him for the purpose of denying appellant housing as well, and the Board of Parole requiring appellant's presence before it a second time after his Conditional Release date is eight months past is conclusory, because:

- Appellant's institutional record represented him before the Time Allowance Committee between two-four months before his Conditional Release date arrived, and the Time Allowance Committee, who are in an even better position at that point in appellant's sentence to determine whether his goodtime should be witheld because of serious infractions through the Three-Tier Disciplinary System, found no reason to withold appellant's goodtime because not only has he successfully participated in or has completed each of his program assignments, but also because appellant's disciplinary record is spotless;

- There is no language in either of the two laws under which appellant is currently sentenced - they being Correction Law §805, and Penal Law §70.40 - that gives the Board of Parole the authority to require appellant's presence before it after his goodtime is granted by the Time Allowance Committee and/or after he receives two Earned Eligibility Certificates from the Commissioner.

In conclusion, under the circumstances of the case before this Appellate Panel, speculation by the Board of Parole and/or the Department of Corrections about appellant not being able to live and remain at liberty without violating the law and their efforts to exclude him from otherwise suitable housing and his response to such efforts is not a rational basis for denial of release to parole, nor is their speculation part of the language governing the laws by which the Board of parole should have been able to determine that appellant should be denied release until the entirety of his current sentence expires.

Respectfully Submitted;

Duwayne Terry 16A0396
Appellant Pro - Se

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK _____ X

DUWAYNE L. TERRY,

                Plaintiff,

                                        SUMMONS

V.                                    CIVIL ACTION NUMBER:

PAROLE BOARD CHAIRMAN TINA STAMFORD,
PAROLE COMMISSIONER CRANGLE,             JURY TRIAL DEMANDED
PAROLE COMMISSIONER DEMOSTHENES,
PAROLE COMMISSIONER SHAPIRO,

PAROLE OFFICER JANE DOE,
SENIOR PAROLE OFFICER JANE DOE,
BRONX PAROLE BUREAU CHIEF JOHN DOE,

INMATE GRIEVANCE DIRECTOR SHELLEY MALLOZZI,
CENTRAL OFFICE REVIEW DIRECTOR KAREN BELLAMY,

EACH IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES,
                            Defendants.     X
_____

TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby summoned and required to serve upon the plaintiff, whose current address is Washington Correctional facility, 72 Lock 11 Lane, P.O.Box 180, Comstock, N.Y. 12821-0180, an answer to the complaint which is hereby served upon you within 20 days after service of this complaint upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.


                          CLERK OF THE COURT


DATE:

INMATE COPY   NYS Dept. of Corrections and Community Supervision   Date: 04/24/19
FORM 9026                    Parole Board Release Decision Notice

```
     Name:  TERRY,DUWAYNE                Facility:       ALTONA
     DIN:   16A0396                      Interview Date: 04/23/2019
     Nysid: 04732427J                    Interview Type: REAPPEAR
```

Earned Eligibility Certificate :  ISSUED
Supervision Fee:  ELIGIBLE
Certificate of Relief from Disability:  INELIGIBLE

Parole Decision:
  DENIED - HOLD TO MAXIMUM EXPIRATION

Conditions of Release/Staff Instructions/Reasons for Denial:

  AFTER A CAREFUL REVIEW OF THE RECORD AND DELIBERATION LED THE PANEL

  TO CONCLUDE THAT THERE IS A REASONABLE PROBABILITY THAT IF RELEASED

  AT THIS TIME, YOU WOULD NOT LIVE AT LIBERTY WITHOUT VIOLATING THE LAW.

   YOUR RELEASE AT THIS TIME IS INCOMPATIBLE WITH THE WELFARE AND

  SAFETY OF THE COMMUNITY.

  YOUR INSTANT OFFENSE OF G.L. NOT AUTO 2ND.  INVOLVED YOUR ACTIONS OF

  STEALING A GOLD BRACELET YOU THREATENED TO CUTOFF THE VICTIMS HAND,

  IF SHE DID NOT GIVE YOU THE BRACELET.

  THIS IS YOUR FIFTH NYS TERM OF INCARCERATION.  YOUR CRIMINAL HISTORY

  REFLECTS PRIOR UNLAWFUL BEHAVIOR WHICH INCLUDES SEXUAL ABUSE. THE

  PANEL QUESTIONS YOUR JUDGEMENT AND DISREGARD FOR THE LAW.  PREVIOUS

  ATTEMPTS UNDER COMMUNITY SUPERVISION HAS FAILED TO CURB YOUR

  LARCENOUS BEHAVIOR.  CONSIDERATION HAS BEEN GIVEN TO YOUR CASE PLAN

  AND YOUR RISK AND NEEDS ASSESSMENT YOUR COMPAS INDICATES A MIXED

  SCORE WITH HISTORY OF VIOLENCE BEING HIGH.

  YOUR DISCIPLINARY RECORD INDICATES NO INFRACTIONS FOR MISBEHAVIOR.

  CONTINUE TO FOLLOW DOCCS RULES.  NOTE IS MADE OF YOUR INSTITUTIONAL

  ADJUSTMENT AND PROGRAM PARTICIPATION TO DATE.  THIS DECISION RELIED

  SOLELY ON YOUR RECORD BEING THAT YOU WAIVED YOUR APPEARANCE BEFORE

  THIS PANEL.

(continued)

* * * * * *          I N M A T E   C O P Y          * * * * * * *

STATE OF NEW YORK – BOARD OF PAROLE

## *ADMINISTRATIVE APPEAL DECISION NOTICE*

| | | | |
|---|---|---|---|
| **Name:** | Terry, Duwayne | **Facility:** | Washington CF |
| **NYSID:** | 04732427-J | **Appeal Control No.:** | 05-019-19 B |
| **DIN:** | 16-A-0396 | | |

| | |
|---|---|
| Appearances: | Duwayne Terry 16A0396<br>Washington Correctional Facility<br>72 Lock 11 Lane<br>P.O. Box 180<br>Comstock, New York 12821 |
| Decision appealed: | April 2019 decision, denying discretionary release and imposing a hold to ME date. |
| Board Member(s)<br>who participated: | Demosthenes, Crangle, Shapiro |
| Papers considered: | Appellant's Letter-brief received June 10, 2019 |
| Appeals Unit Review: | Statement of the Appeals Unit's Findings and Recommendation |
| Records relied upon: | Pre-Sentence Investigation Report, Parole Board Report, Parole Board Release Decision Notice (Form 9026), COMPAS instrument, Offender Case Plan. |
| Final Determination: | The undersigned determine that the decision appealed is hereby: |

_____  ✔ Affirmed  ___ Vacated, remanded for de novo interview  ___ Modified to _____
Commissioner

_____  ✔ Affirmed  ___ Vacated, remanded for de novo interview  ___ Modified to _____
Commissioner

_____  ✔ Affirmed  ___ Vacated, remanded for de novo interview  ___ Modified to _____
Commissioner

**If the Final Determination is at variance with Findings and Recommendation of Appeals Unit, written reasons for the Parole Board's determination must be annexed hereto.**

This Final Determination, the related Statement of the Appeals Unit's Findings and the separate findings of the Parole Board, if any, were mailed to the Inmate and the Inmate's Counsel, if any, on *11/1/19 CC* .

Distribution: Appeals Unit – Appellant - Appellant's Counsel - Inst. Parole File - Central File
P-2002(B)  (11/2018)

STATE OF NEW YORK – BOARD OF PAROLE

## *APPEALS UNIT FINDINGS & RECOMMENDATION*

**Name:**   Terry, Duwayne                   **DIN:**   16-A-0396

**Facility:**  Washington CF              **AC No.:**  05-019-19 B


**Findings:** (Page 1 of 2)

---

Appellant challenges the April 2019 determination of the Board, denying release and imposing a hold to ME date. Appellant's instant offense involved him stealing a gold bracelet from a woman through means of extortion by threatening violence against her if she didn't hand it over. Appellant is past his CR date, but due to a prior sex offense conviction has not been released due to an inability to find SARA compliant housing. Appellant chose not to appear for his interview. Appellant raises the following issues; 1) the decision is arbitrary and capricious, and irrational bordering on impropriety, in that the Board failed to consider all the statutory factors. 2) the decision lacks detail. 3) the Board ignored his EEC. 4) DOCCS has improperly handled all of his housing requests.

As was stated above, appellant refused to appear for his Board interview. If the inmate refuses to attend, then he has failed to preserve any procedural challenges to the manner in which the proceeding was conducted. Shaw v Fischer, 126 A.D.3d 1533, 4 N.Y.S.3d 568 (4th Dept. 2015). The record demonstrates the inmate declined the opportunity to discuss positive aspects of his prison term. Serna v New York State Division of Parole, 279 A.D.2d 684, 719 N.Y.S.2d 166, 167 (3d Dept. 2001). So the inmate has waived all issues on this appeal. Matter of Shaffer v. Leonardo, 179 A.D.2d 980, 579 N.Y.S.2d 910 (3d Dept. 1992); Boddie v New York State Division of Parole, 288 F.Supp.2d 431 (S.D.N.Y. 2003).

Although the Board placed emphasis on the crime, the record reflects it also considered other appropriate factors and it was not required to place equal weight on each factor considered. Matter of Peralta v. New York State Bd. of Parole, 157 A.D.3d 1151, 69 N.Y.S.3d 885 (3d Dept. 2018). Although the Board placed emphasis on the crime, it was free to do so given all factors need not be given equal weight. Matter of Arena v. New York State Dep't of Corr. & Cmty. Supervision, 156 A.D.3d 1101, 65 N.Y.S.3d 471 (3d Dept. 2017); Matter of Gordon v. Stanford, 148 A.D.3d 1502, 50 N.Y.S.3d 627 (3d Dept. 2017);  Matter of Mullins v. New York State Bd. of Parole, 136 A.D.3d 1141, 25 N.Y.S.3d 698 (3d Dept. 2016).

The fact that the Board afforded greater weight to the inmate's criminal history, as opposed to other positive factors, does not render the denial of parole for that reason irrational or improper. Matter of Davis v. Evans, 105 A.D.3d 1305, 963 N.Y.S.2d 485 (3d Dept. 2013); Matter of Lashway v. Evans, 110 A.D.3d 1417, 1418, 974 N.Y.S.2d 164, 165 (3d Dept. 2013); Matter of McKee v. New York State Bd. of Parole, 157 A.D.2d 944, 550 N.Y.S.2d 204 (3d Dept. 1990).

The Board may consider negative aspects of the COMPAS instrument.  Matter of Espinal v. New York Bd. of Parole, 2019 NY Slip Op 04080, 2019 N.Y. App. Div. LEXIS 4057 (3d Dept. May 23, 2019) (COMPAS instrument yielded mixed results); Matter of Bush v. Annucci, 148 A.D.3d 1392, 50 N.Y.S.3d 180 (3d Dept. 2017) (COMPAS instrument with mixed results including substance abuse relevant given use before crime); Matter of Wade v. Stanford, 148 A.D.3d 1487, 52 N.Y.S.3d

STATE OF NEW YORK – BOARD OF PAROLE

## *APPEALS UNIT FINDINGS & RECOMMENDATION*

**Name:**  Terry, Duwayne                    **DIN:**   16-A-0396

**Facility:**  Washington CF                 **AC No.:**  05-019-19 B

**Findings:** (Page 2 of 2)

508 (3d Dept. 2017) (low risk felony violence but probable risk for substance abuse alcohol related crimes); Matter of Crawford v. New York State Bd. of Parole, 144 A.D.3d 1308, 46 N.Y.S.3d 228 (3d Dept. 2016) (scores not uniformly low including family support), lv. denied, 29 N.Y.3d 901, 57 N.Y.S.3d 704 (2017).

**Recommendation:**    Affirm.

FORM 2189    STATE OF    NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES    03/28/18
REV. 10/01              REPORT OF TIME ALLOWANCE COMMITTEE REVIEW        SRCL035

1.  FACILITY  ALTONA                    CONSIDERATION DATE   04/2018 INIT

2.  INMATE  TERRY, DUWAYNE                          DIN  16A0396

3.  CR DATE  08/15/2018     ME DATE  08/15/2020

4.  TOTAL GOOD TIME AVAILABLE.............................. 0002-00-00

5A. TIME TENTATIVELY LOST IN TIER III HEARINGS.................... 00-00-000

5B. TIME TENTATIVELY LOST IN TIER III HEARINGS
    PRIOR TO COMPUTERIZATION....................................... _0_

5C. TIME TENTATIVELY LOST AT OCFS(OFFICE CHILD/FAM SVCS)........... _0_

5D. TOTAL TENTATIVELY LOST GOOD TIME.............................. _0_

6.  RESTORATION OF TENTATIVELY LOST GOOD TIME.................... _____

    REASONS  _____
             _____
             _____

7.  LOST GOOD TIME - TAC HEARING(IF APPLICABLE)
       (DIRECTIVE 4932 SEC. 261.4)................................ _0_

8.  TOTAL GOOD TIME WITHHELD(IF APPLICABLE)........................ _0_

9.  ALLOWANCE RECOMMENDED(LINE 4 MINUS LINE 8).................. _2-00-00_

    REASONS  _Positive programming and disciplinary adjustment_
             _____

10. RECONSIDERATION DATE, IF ESTABLISHED...........................

    _____          _DSS_          _4/20/18_
    SIGNATURE OF CHAIRMAN              TITLE           DATE

11. SUPERINTENDENT'S ACTION

    CONFIRM RECOMMENDATION  _✓_   OTHER DETERMINATION ____  SPECIFY _____

    _____                         _4/23/18_
         SUPERINTENDENT                                 DATE

12. COMMISSIONER'S DECISION

    AFFIRMED _____    MODIFIED _____    DATE _5/2/18_

    COMMENTS  _____

NOTICE TO INMATE: PURSUANT TO 7 NYCRR, CHAPTER V, PART 262 ALL TIME ALLOW-
ANCE DECISIONS ARE REVIEWED AUTOMATICALLY BY THE COMMISSIONER OR HIS DESIG-
NEE.  THE DECISION OF THE COMMISSIONER OR HIS DESIGNEE IS FINAL.  YOU MAY
REQUEST RECONSIDERATION OF ANY DECISION TO WITHHOLD GOOD TIME BY WRITING
TO THE FACILITY TIME ALLOWANCE COMMITTEE CHAIRMAN.
DISTRIBUTION: CENTRAL OFFICE, GUIDANCE UNIT, INMATE, PAROLE OFFICE, FAC FILE

3/30/17                NYS DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION
GNC654                    GUIDANCE INFORMATION MANAGEMENT SYSTEM

              CERTIFICATE OF EARNED ELIGIBILITY DETERMINATION NOTICE


TO:        TERRY, DUWAYNE                          16A0396
           NAME                                    DIN

FROM:      _____

           DEPUTY SUPERINTENDENT FOR PROGRAMS
           ALTONA                          CORRECTIONAL FACILITY

SUBJECT:   NOTIFICATION OF EARNED ELIGIBILITY DETERMINATION

DATE:        3/30/17


      THIS IS TO NOTIFY YOU THAT PURSUANT TO SECTION 805 OF THE CORRECTIONAL
LAW YOUR RECORD OF PROGRAM ATTENDANCE, PARTICIPATION AND PROGRESS HAS BEEN
REVIEWED WITH REGARD TO THE EARNED ELIGIBILITY PROGRAM.  THE COMMISSIONER
OF THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION HAS REACHED THE
FOLLOWING DETERMINATION, WHICH HAS BEEN PROVIDED TO THE DIVISION OF PAROLE.
ANY QUESTIONS REGARDING THIS DECISION SHOULD BE ADDRESSED TO YOUR OFFENDER
REHABILITATION COORDINATOR IMMEDIATELY.



      CERTIFICATE OF EARNED ELIGIBILITY ISSUED












      BOARD DATE: 04/2017
REVIEW NUMBER:  1700956
CELL LOCATION AT TIME OF PRINT:  08-0D-06B
DISTRIBUTION:    INMATE
                 INMATE FILE
                 PAROLE

4/02/19          NYS DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION
GNC654              GUIDANCE INFORMATION MANAGEMENT SYSTEM


          CERTIFICATE OF EARNED ELIGIBILITY DETERMINATION NOTICE


TO:      TERRY, DUWAYNE                        16A0396
         NAME                                  DIN

FROM:    _____
         DEPUTY SUPERINTENDENT FOR PROGRAMS
         ALTONA                    .    CORRECTIONAL FACILITY

SUBJECT:   NOTIFICATION OF EARNED ELIGIBILITY DETERMINATION

DATE:      4/02/19


    THIS IS TO NOTIFY YOU THAT PURSUANT TO SECTION 805 OF THE CORRECTIONAL
LAW YOUR RECORD OF PROGRAM ATTENDANCE, PARTICIPATION AND PROGRESS HAS BEEN
REVIEWED WITH REGARD TO THE EARNED ELIGIBILITY PROGRAM.  THE COMMISSIONER
OF THE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION HAS REACHED THE
FOLLOWING DETERMINATION, WHICH HAS BEEN PROVIDED TO THE DIVISION OF PAROLE.
ANY QUESTIONS REGARDING THIS DECISION SHOULD BE ADDRESSED TO YOUR OFFENDER
REHABILITATION COORDINATOR IMMEDIATELY.



     CERTIFICATE OF EARNED ELIGIBILITY ISSUED




     BOARD DATE: 04/2019
  REVIEW NUMBER:  1900365
  CELL LOCATION AT TIME OF PRINT:  09-0F-44B
  DISTRIBUTION:     INMATE
                    INMATE FILE
                    PAROLE

 **Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

RECEIVED
JAN 0 1 2020
WASHINGTON CORR. FAC.
DEP. SUPT. FOR PROGRAM

## MEMORANDUM

From:        Shelley Mallozzi, Director, Inmate Grievance Program

SUBJ:        Receipt of Appeal

D TERRY  16A0396  10/30/2019
Altona Correctional Facility
Your grievance ALT-4608-18 entitled
Parole Officer Contacted
was rec'd by CORC on 10/16/2018



ALTONA C.F.
IGRC

OCT 3 0 2019

RECEIVED

A disposition will be sent to you after the grievance is reviewed by CORC
The Harriman State Campus, 1220 Washington Avenue, Albany, NY 12226-2050 | (518) 457-8126 | www.doccs.ny.gov

| NEW YORK STATE Corrections and Community Supervision | Grievance Number ALT-4608-18 | | Desig./Code I/6 | Date Filed 09/06/18 |
|---|---|---|---|---|
| ANDREW M. CUOMO Governor    ANTHONY J. ANNUCCI Acting Commissioner | Associated Cases | | | Hearing Date 11/20/19 |
| | Facility Altona Correctional Facility | | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Parole Officer Contacted | | | |

## GRIEVANT'S REQUEST UNANIMOUSLY ACCEPTED IN PART

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby accepted in part only to the extent that CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was not released to Community Supervision on 8/15/18 because the Board of Parole imposed special conditions of release regarding residency (SOH 220) requiring him to establish an approved SARA compliant address. It is noted that he does not currently have an approved SARA compliant address, and that counseling and parole staff are assisting him in finding a satisfactory residence; however, he bears the ultimate responsibility for finding one. CORC has not been presented with evidence of malfeasance by staff and advises him to address additional release concerns to his assigned ORC.

With regard to the grievant's appeal, CORC notes that the investigation was conducted in accordance with Directive #4040. CORC advises him to address specific grievance concerns to the IGP Supervisor, where it was filed, for the most expeditious means of resolution.

CORC notes that the grievant has been transferred.

RAL/

------------------------------------------------------------

------------------------------------------------------------

------------------------------------------------------------



ALTONA C.F.
IGRC
DEC 31 2019
RECEIVED

This document has been electronically signed by Shelley M. Mallozzi

Shaw v. Fischer, 126 A.D.3d 1533 (2015)

126 A.D.3d 1533
Supreme Court, Appellate Division,
Fourth Department, New York.

In the Matter of Michael
**SHAW**, Petitioner–Appellant,
v.
Brian **FISCHER**, Commissioner, New York
State Department of Corrections and Community
Supervision, Respondent–Respondent.

March 27, 2015.

Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered October 9, 2013 pursuant to a CPLR article 78 proceeding. The judgment confirmed the determination of respondent and dismissed the petition.

**Attorneys and Law Firms**

Wyoming County–Attica Legal Aid Bureau, Warsaw (Leah R. Nowotarski Of Counsel), for Petitioner–Appellant.

Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of Counsel), for Respondent–Respondent.

**Opinion**

MEMORANDUM:

Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rule 102.10 (7 NYCRR 270.2[B][3][i] [threats] ) and rule 104.11 (7 NYCRR 270.2[B][5][ii] [threats of violent conduct] ). The record on appeal does not support petitioner's contention that he was deprived of his right to attend the hearing. To the contrary, the escort officer testified at the hearing that petitioner had refused to attend, despite having been advised that the hearing would proceed in his absence (*see Matter of Rouse v. Fischer*, 94 **A.D.3d** 1310, 1310, 942 N.Y.S.2d 384; *Matter of Abreu v. Bezio*, 84 **A.D.3d** 1596, 1596–1597, 922 N.Y.S.2d 667, *lv. dismissed* 17 N.Y.3d 781, 929 N.Y.S.2d 81, 952 N.E.2d 1076, *appeal dismissed* 17 N.Y.3d 915, 934 N.Y.S.2d 368, 958 N.E.2d 546). We further conclude that, based upon his refusal to attend the hearing, petitioner has failed to preserve any procedural challenges to the manner in which those hearings were conducted (*see Matter of McFadden v. Dubray*, 61 **A.D.3d** 1170, 1171, 878 N.Y.S.2d 468; *Matter of Cooper v. Selsky*, 43 **A.D.3d** 1254, 1255, 842 N.Y.S.2d 111, *lv. dismissed* 9 N.Y.3d 1026, 852 N.Y.S.2d 10, 881 N.E.2d 1196).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

SCUDDER, P.J., CENTRA, PERADOTTO, CARNI, and SCONIERS, JJ., concur.

**All Citations**

126 A.D.3d 1533, 4 N.Y.S.3d 568 (Mem), 2015 N.Y. Slip Op. 02641

End of Document

© 2019 Thomson Reuters. No claim to original U.S Government Works.

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     )
COUNTY OF WASHINGTON) ss.:

INDEX NUMBER: _____

I, DUWAYNE L. TERRY, being duly sworn, deposes and say:

1. That I am the plaintiff named herein, that I am the party to this action and am presently incarcerated at Washington Correctional Facility, 72 Lock 11 Lane, P.O.Box 180, Comstock, N.Y. 12821-0180.

2. On the 10th, day of May, 2020, I placed in the mailbox under the care and supervision of the authorities of the Washington Correctional Facility, a true and exact copy of:

   1. SUMMONS

   2. 42 U.S.C. SECTION 1983 COMPLAINT

   3. ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

   4. APPLICATION FOR APPOINTMENT OF COUNSEL

   5. AFFIDAVIT

   6. NOTICE OF MOTION TO PROCEED IN FORMA PAUPERIS

   7. AUTHORIZATION

   8. ADMINISTRATIVE APPEAL TO PAROLE BOARD APPEALS UNIT

   9. PAROLE BOARD ADMINISTRATIVE APPEAL DECISION NOTICE

   10. TIME ALLOWANCE COMMITTEE REVIEW

   11. EARNED ELIGIBILITY CERTIFICATES DATED 3/30/17, and 4/02/19

   12. RECEIPT OF APPEAL FROM GRIEVANCE ALT-4608-18, PAROLE OFFICER CONTACTED

13.   RECEIPT OF CENTRAL OFFICE REVIEW COMMITTEE DETERMINATION

14.   CPLR ARTICLE 78 PROCEEDING IN MATTER OF SHAW V. FISCHER

15.   FACILITY ADMINISTRATIVE DIRECTIVE #9402

To be delivered by the United States Postal Services to the following parties:

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE
500 PEARL STREET, N.Y., N.Y. 10007

AND

HONORABLE LETITIA JAMES - NEW YORK STATE
ATTORNEY GENERAL
28 LIBERTY STREET, NEW YORK, N.Y. 10005

_____
DUWAYNE L. TERRY 16A0396

_____
PRINT NAME

Sworn To Before Me This

10 th Day of May, 2020

_____
NOTARY PUBLIC AUTHORIZATION

SCOTT A. CLEAVLAND
Notary Public - State of New York
Qualified in Warren Co. No. 01CL6385218
Commission Expires December 31, 2022

| NEW YORK STATE **Corrections and Community Supervision**<br><br>**DIRECTIVE** | TITLE<br>**Parolee Grievance Program** | | NO.<br>9402 |
| --- | --- | --- | --- |
| | | | DATE<br>03/07/2017 |
| SUPERSEDES | DISTRIBUTION<br>A  B | PAGES<br>PAGE 1 OF 8 | DATE LAST REVISED |
| REFERENCES (Include but are not limited to)<br>Directive 4040; 4490; OMH Article 10; NYS Penal Law §70.40(2);<br>PREA Standards (28 C.F.R. 115.06) | APPROVING AUTHORITY | | |

I.  **PURPOSE**: The purpose of this directive is to establish requirements and procedures for parolees to submit complaints and formal grievances. This directive outlines and defines the orderly, fair, and expeditious method for resolving grievances and the procedures by which Community Supervision staff shall evaluate, investigate, and respond to complaints and formal grievances by parolees. This directive also establishes the requirements for receiving and maintaining grievance records.

**Note**: References to "parolee" and "releasee" are intended to refer to individuals released to Community Supervision and presently under the jurisdiction of the Department of Corrections and Community Supervision (DOCCS). References to "parolee," for purposes of this directive, shall also include any OMH Article 10 identified respondents who are presently under the jurisdiction of DOCCS.

II.  **APPLICABILITY**: This directive shall apply to all individuals released and under the supervision of Community Supervision staff to include individuals paroled, conditionally released, released to a period of post-release supervision, and released to the community via an order of strict and intensive supervision and treatment (OMH Article 10). This directive shall also apply to individuals granted discretionary release under NYS Penal Law §70.40(2) – Local Conditional Release (LCR).

III.  **POLICY**: It is the policy of DOCCS to establish and maintain a formal written grievance procedure that shall be made available to all parolees under Community Supervision.

IV.  **DEFINITIONS**

A.  Grievance: A written complaint submitted by a parolee to the Senior Parole Officer (SPO), about the substance or application of any written or unwritten policy, regulation, procedure, rule, or condition of Community Supervision or any of its program units, or the lack of a policy, regulation, procedure, or rule. A letter addressed to other bureau, regional staff, or central office staff will not be considered a grievance. A grievance will only be accepted from a parolee on a "Parolee Grievance Complaint Form," Form #9402BCS. Form #9402BCS is to be submitted to the attention of the SPO via U.S. Mail utilizing the appropriate Community Supervision Bureau address. Form #9402BCS may also be submitted via the appropriate Community Supervision Bureau shared mailbox (electronic mailbox).

**Note**: Any individual who is currently not under Community Supervision but would like to file a complaint with DOCCS, specifically with the Office of Special Investigations (OSI), may do so online or in writing to OSI.

B.  Grievant: A parolee directly supervised by DOCCS.

C.   Bureau Specific Grievance:  A grievance where the grievant is affected only as long as he or she remains a parolee in that bureau where the grievance was filed.

D.   Like Grievances:  Those grievances emanating from a substantially similar set of facts, situations, or circumstances with a similar action requested, or complaints which could be resolved through a single disposition.

E.   Harassment Grievances:  Those grievances that allege non-sexual employee misconduct meant to annoy, intimidate, or harm a parolee.

F.   Staff Assistance:  Authorized uninvolved staff may assist the grievant upon request to explain the form, filing requirements, and to review the grievance.

G.   Definitions Related to Sexual Abuse and Sexual Harassment:  The terms of sexual abuse and sexual harassment shall have the definitions as set forth in the Prison Rape Elimination Act (PREA) standards (28 C.F.R. 115.06).

H.   Unlawful Discrimination Grievances:  Those grievances that allege acts or policies which adversely affect individuals based on race, color, religion, national origin, sex (including gender identity), sexual orientation, age, disability, marital status, military status, and arrest and/or conviction record.

V.   **GENERAL POLICIES**

A.   Parolee's Responsibility:  A parolee is encouraged to resolve his or her complaints through his or her assigned Parole Officer (PO) and/or the SPO, or other existing channels (informal and formal) prior to submitting a grievance.  Although a bureau may not impose preconditions for submission of a grievance, the failure of a parolee to attempt to resolve a problem on his or her own may affect the outcome of the grievance.

B.   Grievances must be Personal:  A parolee must be personally affected by the policy or issue he or she is grieving or must show that he or she will be personally affected by that policy or issue unless some relief is granted.  All grievances must be filed by the grievant in an individual capacity.

C.   Class Actions not Accepted:  Individuals personally affected by a matter which affects a class of parolees may only file a grievance on their own behalf.  Grievances raised in terms of class actions will not be accepted.

D.   Non-grievable Issues

1.   An individual decision or disposition of any current or subsequent program or procedure having a written appeal mechanism which extends review to outside the bureau.

2.   Parole Board imposed conditions and mandatory conditions of Community Supervision.

3.   A decision or disposition of the Commissioner, Deputy Commissioner for Community Supervision, or other authorized designee of DOCCS.

4.   Decisions by the Parole Board regarding Three Year Discharges (3YD) and Five Year Discharges (5YD).

5.  Any arrest by Department (DOCCS) personnel for an alleged violation of the condition of release or an arrest by any law enforcement agency that results in the issuance of a parole violation warrant for an alleged violation of the conditions of release, or any subsequent revocation decision.

6.  Policies, decisions, or procedures unrelated to Community Supervision, legislative action, or judicial proceedings.

E.  Outside Agencies Excluded:  Any policy, regulation, or rule of an outside agency (e.g., Office of Mental Health, Immigration and Customs Enforcement, etc.) or action taken by an entity not under the supervision, including the Board of Parole, of the Commissioner is not within the jurisdiction of the Parolee Grievance Program (PGP).

F.  Reasonable Accommodations:  The SPO will ensure that disabled parolees are provided the necessary assistance to facilitate their access to and use of the PGP. Reasonable accommodations shall include, but not be limited to, meetings with parolees at accessible sites and the provision of qualified sign language interpreters for deaf and hard-of-hearing parolees who use sign language to communicate.  Copies of all grievance decisions concerning reasonable accommodations for disabled parolees shall be sent to the ADA coordinator in DOCCS Central Office.

G.  Language Assistance Services:  Interpretation and translation services will be used to facilitate access to the PGP for those parolees with Limited English Proficiency (LEP) (see Departmental Directive #4490, "Cultural and Language Access Services").

H.  Sexual Abuse and Sexual Harassment Complaints:  The Department has zero tolerance for sexual abuse and sexual harassment and all reports will be thoroughly investigated. A parolee is not required to file a grievance form concerning an alleged incident of sexual abuse or sexual harassment.  In addition, a parolee may also report a sexual abuse incident by writing to OSI.  Any parolee grievance filed regarding a complaint of sexual abuse or sexual harassment shall immediately be reported to the Regional Director (RD) for further handling in accordance with Department (DOCCS) policies.

## VI.  PROCEDURES

A.  Filing the Complaint

1.  *Notice to Parolees:*  All parolees shall be informed of the PGP and appeal procedures at the initial interview with the field PO and will acknowledge understanding of the PGP by signing the "Parolee Grievance Program Acknowledgement," Form #9402ACS.  The grievant (parolee) is to be provided with a copy of Form #9402ACS and service of this form is to be documented in the Case Management System (CMS).  A copy of Form #9402ACS is to be placed in the subject's case folder and a copy is to be submitted to the Community Supervision Central Files Unit.

2.  *Time Limit for Filing*:  A parolee must submit a written grievance to the SPO within thirty (30) calendar days of an alleged occurrence on a "Parolee Grievance Complaint Form," Form #9402BCS.  The grievance may only be filed at the bureau where the parolee is currently supervised even if it pertains to another bureau.

**Note**: Only one "Grievance Continuation Form," Form #9402ECS, may be utilized.

3. *Method of Filing*:  A parolee (grievant) must submit all grievance complaint forms and appeal forms via U.S. Mail utilizing the appropriate Community Supervision Bureau address or to the Regional Office as applicable.  Form #9402BCS, "Parolee Grievance Complaint Form" is to be submitted to the attention of the Senior Parole Officer (SPO).  Form #9402CCS, "Grievance Appeal to Bureau Chief," is to be submitted to the attention of the Bureau Chief and Form #9402DCS, "Grievance Appeal to Regional Director," is to be submitted to the attention of the Regional Director at the Regional Community Supervision Office.  Grievance complaint forms and appeal forms may also be submitted via the appropriate Community Supervision shared mailbox (electronic mailbox).  All grievances received that are marked confidential should be handled accordingly.  Information shared on a grievance is confidential and should be handled in accordance with Department policy and procedure.

   **Note**:  Designated bureau staff will retrieve forms and documents from the PGP drop box at the start of each business day.  All forms retrieved will be logged, coded, and assigned to the appropriate SPO of record by designated Community Supervision staff.

4. *Contents*:  All grievances must be accurate, truthful, and contain the following information:

   a.  Grievant's name;

   b.  Department Identification Number (DIN);

   c.  Phone number;

   d.  Current address;

   e.  Current assigned area office;

   f.  Concise, specific description of the complaint and action requested; and

   g.  Describe what actions the grievant has taken to resolve the complaint (e.g., specific persons/areas contacted and responses received).

B.  Processing of the Complaint

1. *Logging, Coding, and Titling*:  Upon receipt of a grievance, the SPO will designate a staff member to review the complaint.  All regions and bureaus will use the "Parolee Grievance Log," Form #9402FCS to record receipt of the grievance form and record each of the case-specific actions (grievance response dates, appeal tracking, and appeal response dates).  Each grievance will be consecutively numbered with a grievance log number and coded with a grievance type and documented in the Case Management System (CMS).

2. *Case Management System (CMS)*:  Staff responsible for processing the grievance shall utilize the following CMS contact codes for purposes of adherence to the required workflow and to support the collection of historical case-specific data.

   a.  "PG" – Parolee Grievance Complaint Form (Form #9402BCS) received

   b.  "RG" – Grievance response by Senior Parole Officer

   c.  "GA" – Appealed to level of Bureau Chief

d.   "RB" – Grievance response by Bureau Chief

e.   "GD" – Appealed to level of Regional Director

f.   "RR" – Grievance response by Regional Director

3.   *Like Grievances*:  "Like Grievances" may be consolidated at the discretion of the SPO and assigned one grievance log number.  Any subsequent like complaint may be consolidated and assigned the same log number until the SPO provides a decision.  Like complaints received after the SPO's decision will receive a new log number.  All grievants shall be provided an initial written reasoned decision from the SPO; only those grievants that appeal will receive a response and a decision to an appeal.

4.   *Emergencies*:  Grievances related to PREA, sexual assault or harassment, or physical assault or injury are to be considered emergent and shall be forwarded to the Bureau Chief within 24 hours of receipt.  The Bureau Chief or designee will respond immediately.

5.   *Allegations of Unlawful Discrimination*:  Allegations of acts or policies which adversely affect individuals based on race, color, religion, national origin, sex (including gender identity), sexual orientation, age, disability, marital status, military status, and arrest and/or conviction record are of a particular concern to the administrators of this Department and Community Supervision offices. Therefore, the following expedited procedure for the review of grievances alleging unlawful discrimination shall be followed:

a.   A Parolee who wishes to file a grievance complaint alleging discrimination by an employee, program, policy or procedure shall follow the procedures set forth in this directive.

     **Note:**  A Parolee who feels he or she is being unlawfully discriminated against by an employee, program, policy or procedure shall report such incident to the appropriate SPO.

b.   The SPO must process the grievance in accordance with this directive and forward a copy of the grievance, within 24 hours, to the appropriate bureau Chief. The Bureau Chief will forward the grievance to the appropriate Regional Director and the Office of Diversity Management for immediate action.

     **Note:**  The Regional Director shall initiate an investigation and/or request assistance from the Office of Diversity Management to conduct the investigation.

c.   Within 25 business days of receipt of the grievance, the Regional Director will render a decision on the grievance and transmit said decisions, with reasons stated, to the grievant, the Office of Diversity Management, and any direct party of interest.

6.   *Step 1, Senior Parole Officer Decision*

a.   The SPO will have fourteen (14) calendar days to respond to a grievance. The SPO may only exceed the fourteen (14) day time limit for good cause, and written notice is to be provided to the parolee.

b.   If a grievance is coded as "non-grievable" a response indicating such will be returned to the grievant, placed in the case file and documented in CMS.

c.   A grievance decision must provide direction on how the grievant can resolve his or her issue, indicate the corrective action taken to grant in full or in part their complaint or information explaining why no action will be taken.

d.   Allegations of employee misconduct will be forwarded to the Bureau Chief and allegations of sexual abuse or harassment will be forwarded to the attention of the Regional Director for appropriate handling in accordance with Department policies.

e.   A copy of the decision and the original grievance shall be placed in the case file and documented in CMS.

f.   In all cases where action by the Bureau Chief or Regional Director is required, the grievance documents and all relevant supplemental information shall be transmitted to the either the Bureau Chief or Regional Director in a timely manner.  All Community Supervision documentation regarding disposition of the grievance shall be placed in the central file and documented in CMS.

7.   *Step 2, Appeal to the Bureau Chief*

a.   If grievant wishes to appeal the SPO's decision to the Bureau Chief, he or she must complete and sign the "Grievance Appeal to Bureau Chief," <u>Form #9402CCS</u>, and submit it to the BC via U.S. Postal Mail or via the Community Supervision shared mailbox within seven (7) calendar days after receipt of the SPO's written decision.  If no appeal is filed in response to the decision of the SPO, the SPO disposition shall be considered a final determination.

b.   The Bureau Chief will have twenty (20) calendar days to provide a written decision to the appeal.  The BC may only exceed the twenty (20) day time limit for good cause, and written notice is to be provided to the parolee.

c.   A copy of the BC decision is to be provided to the grievant (parolee) and documented in CMS.  A copy of the decision is to be placed in the subject's case folder and a copy is to be submitted to the Community Supervision Central Files Unit.

d.   In all cases where action by the Regional Director is required, the grievance forms and all relevant supplemental information shall be transmitted to the Regional Director in a timely manner.

8.   *Step 3, Appeal to the Regional Director*

a.   If the grievant wishes to appeal to the Regional Director (RD), he or she must complete and sign the "Grievance Appeal to the Regional Director," <u>Form #9402DCS</u>, and submit it to RD via U.S. Postal Mail or via the Community Supervision shared mailbox within fourteen (14) calendar days of receipt of the Bureau Chief's written determination to the appeal.  If no appeal is filed following the decision by the Bureau Chief, it will be presumed that the grievant accepts the determination.

    b.   The Regional Director (RD) will have thirty (30) calendar days to provide a written determination.

    c.   A copy of the RD's decision is to be provided to the grievant (parolee) and documented in CMS. A copy of the decision is to be placed in the subject's case folder and a copy is to be submitted to the Community Supervision Central Files Unit.

    d.   The decision of the RD shall be considered final.

## VII. CORRECTIVE ACTION

A.   When a complaint or grievance is upheld or upheld in part and corrective action is warranted, the corrective action will be completed within thirty (30) calendar days. The corrective action shall be clearly noted in the case file and central file and documented in CMS.

B.   The appropriate designee responsible for implementing the corrective action will provide written confirmation and documentation to the decision maker indicating that corrective action was taken.

C.   The grievant may submit a grievance to the next level of the process when the corrective action was not completed within the required timeframes.

## VIII. PROCUEDURAL SAFEGUARDS

A.   <u>Processing Grievances after Transfer to Another Bureau</u>:  A parolee who has transferred to another bureau may continue an appeal of any grievance. If the grievant wishes to appeal, he or she must mail the signed appeal form back to the BC or RD at the bureau where the grievance was originally filed within seven (7) days of receipt of the decision.

B.   <u>Processing Pending Grievances or Appeals at a Parolee's Discharge</u>:  A grievance pending at the time the parolee has been discharged from supervision which still personally affects him or her shall be automatically appealed to the Regional Director for final determination. For all others, the SPO will respond to the grievance as required and forward the decision to the grievant. If a forwarding address cannot be verified or bureau personnel are unable to contact the grievant, the original decision will be placed in the central file and documented in CMS.

C.   <u>Withdrawal of Complaints and/or Grievances</u>

    1.   A grievance may only be withdrawn by a parolee in writing.

    2.   A parolee may not withdraw a grievance alleging staff on parolee sexual misconduct, sexual harassment, or staff misconduct of a sexual nature while the matter is presently under investigation by a law enforcement agency or Department personnel.

D.   <u>Confidentiality/file Maintenance</u>

    1.   Grievance records shall be maintained in accordance with NYS Record and Retention requirements, and in accordance with DOCCS policy and procedure.

## IX. EMPLOYEE MISCONDUCT

A. A grievance alleging employee misconduct will be logged with all other grievances and all documents submitted with the complaint shall be forwarded to the Bureau Chief by close of business on the date the complaint was received.

B. The Bureau Chief in consultation with the Regional Director shall promptly determine whether the grievance, if substantiated, represents a bona fide case of employee misconduct.  If not, it will returned to the SPO for normal processing.

C. If it is determined that the grievance appears to be a bona fide case of employee misconduct, the Bureau Chief in consultation with the Regional Director shall:

1. Assign supervisory staff to further investigate the matter; or

2. Refer the allegation to the Office of Special Investigations (OSI).

**Note**:  Grievances that are investigated by OSI shall be held in abeyance by the Regional Director until the conclusion of the investigation at which time a written final determination will be provided to the grievant.  Grievances not forwarded to OSI will be investigated by supervisory staff and responded to by the Bureau Chief.

## X. EVALUATION

A. The Deputy Commissioner for Community Supervision or designee shall conduct an evaluation of the PGP at least annually to determine its efficiency and effectiveness.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____ X

DUWAYNE L. TERRY,

                     Plaintiff,

V.                                         AFFIDAVIT

                                         CIVIL ACTION NUMBER:

PAROLE BOARD CHAIRMAN TINA STAMFORD,
PAROLE COMMISSIONER CRANGLE,
PAROLE COMMISSIONER DEMOSTHENES,              _____
PAROLE COMMISSIONER SHAPIRO,

PAROLE OFFICER JANE DOE,
SENIOR PAROLE OFFICER JANE DOE,
BRONX PAROLE BUREAU CHIEF JOHN DOE,

INMATE GRIEVANCE DIRECTOR SHELLEY MALLOZZI,
CENTRAL OFFICE REVIEW DIRECTOR KAREN BELLAMY,

EACH IN THEIR INDIVIDUAL
AND OFFICIAL CAPACITIES,

                      Defendants.
_____ X

    I, <u>DUWAYNE L. TERRY</u>, being duly sworn according to the law, depose and
say:

1.  That I am the plaintiff in the above-entitled proceeding.

2.  I make this affidavit in support of this action pursuant to 42 U.S.C.
    Section 1983, for the purpose of making known the following:

3.  Plaintiff will suffer irreprable harm if he is not granted the relief sought
    because:

> • Plaintiff never filed a grievance in accordance with Directive
> #4040 although Directive #4040 is the response method through
> which defendants base claims that are false;

> • Directive #4040 is such that a grievant must seek a resolution,
> however, plaintiff understands that he does NOT have a
> Constitutional right to be paroled;

Plaintiff was never accorded an <u>ALT-4608-18 PAROLE OFFICER CONTACTED</u> grievance hearing whereby he may seek a determination from his facility Superintendent, then request the interference of defendant <u>KAREN BELLAMY'S</u> office, that she may uphold the determination of plaintiff's facility Superintendent.

Plaintiff will suffer irreparable harm if he is not granted the relief sought in the injunction and restraining order because he will have no way of showing the measure of deceit defendants have gone to for the purpose of making sure that plaintiff remains incarcerated for the entirety of his indeterminite sentence.

Sworn To Before Me This 9
Day of May, 2020

_____
NOTARY PUBLIC AUTHORIZATION

_____
SIGNATURE OF PLAINTIFF

DuWayne L. Terry
PRINT NAME

SCOTT A. CLEAVLAND
Notary Public - State of New York
Qualified in Warren Co. No. 01CL6385218
Commission Expires December 31, 2022

Duwayne L. Terry 16A0396
Washington Correctional Facility
72 Lock II Lane, P.O. Box 180
Comstock, N.Y. 12821-0180

WASHINGTON    NEOPOST    FIRST-CLASS MAIL
☆    05/11/2020    US POSTAGE $009.20º
CORRECTIONAL FACILITY    ZIP 12821
041M11285412



United States District Court
Southern District
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, N.Y. 10007



RECEIVED
MAY 14 2020
CLERK'S OFFICE
S.D.N.Y.



RECEIVED
MAY 18 2020
PRO SE OFFICE