UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUWAYNE L. TERRY,<br><br>                     Plaintiff,<br><br>-against-<br><br>PAROLE BOARD CHAIRMAN TINA STAMFORD, et al.,<br><br>                     Defendants. | 20-CV-3847 (JMF)<br><br>ORDER GRANTING REQUEST FOR PRO BONO COUNSEL |

JESSE M. FURMAN, United States District Judge:

      Plaintiff, who is currently proceeding *pro se* and *in forma pauperis*, moves for appointment of counsel. The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

      In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by

successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

Applying these standards here, the Court grants Plaintiff's motion. Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants have arbitrarily denied his release to parole. The Court finds that Plaintiff, a prisoner proceeding IFP, is indigent. Treating his allegations as true, the Court also finds that his claims are "likely to be of substance," *Hodge*, 802 F.2d 61-62, as he asserts serious issues concerning his continuing confinement, alleging that he has been held for almost two years beyond his conditional release date. His assertions implicate his rights under the Eighth and Fourteenth Amendments.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. Because Plaintiff brings claims implicating the validity of his continuing custody, this action raises complex procedural issues concerning the appropriateness of § 1983 versus federal *habeas corpus* to remedy the alleged violations. These issues can be resolved more

efficiently through counsel. The Court thus find that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

For the foregoing reasons, Plaintiff's Application for Appointment of Counsel (ECF No. 5) is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case without an attorney.  (Unless and until an attorney agrees to take the case and enters a notice of appearance on Plaintiff's behalf, he will continue to be unrepresented and responsible for his case.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:  June 30, 2020
         New York, New York

                                            JESSE M. FURMAN
                                          United States District Judge