UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUWAYNE L. TERRY,<br><br>                              Plaintiff,<br><br>              -against-<br><br>PAROLE BOARD CHAIRMAN TINA<br>STAMFORD, et al.,<br><br>                              Defendants. | 20-CV-3847 (JMF)<br><br>ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

Plaintiff, currently incarcerated in Washington Correctional Facility, brings this action

under 42 U.S.C. § 1983, alleging that Defendants have arbitrarily denied his release to parole. By

order dated June 23, 2020, the Court granted Plaintiff's request to proceed without prepayment

of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.      Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

Civil Procedure generally requires that summonses and the complaint be served within 90 days

of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served

summonses and the complaint on the defendants until the Court reviewed the complaint and

---

[1]      Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

ordered that summonses be issued. The Court therefore extends the time to serve until 90 days

after the date summonses are issued. If the complaint is not served within that time, Plaintiff

should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir.

2012) (holding that it is the plaintiff's responsibility to request an extension of time for service);

*see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff

proceeding IFP] provides the information necessary to identify the defendant, the Marshals'

failure to effect service automatically constitutes 'good cause' for an extension of time within the

meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Tina Stanford,[2] Chairwoman of the

New York State Board of Parole; Crangle, Parole Commissioner; Demosthenes, Parole

Commissioner; Shapiro, Parole Commissioner; Shelley Mallozzi, Inmate Grievance Director;

and Karen Bellamy, Central Office Review Director through the U.S. Marshals Service, the

Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue

summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals

Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may

dismiss the action if Plaintiff fails to do so.

## B.      Jane and John Doe Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies

---

[2]      Plaintiff incorrectly identifies the Chairwoman of the Board of Parole as "Tina
Stamford." The correct name is Tina Stanford.

sufficient information to permit the New York State Attorney General's Office to identify the Jane and John Doe parole officials parole officials in the Bronx I Area Office,[3] who allegedly failed to respond to Plaintiff's grievance. It is therefore ordered that the Attorney General's Office, who is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identities of the Jane and John Does whom Plaintiff seeks to sue here and the addresses where these defendants may be served. The Attorney General's Office must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the Jane and John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named Jane and John Doe defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Stanford, Crangle, Demosthenes, Shapiro, Mallozzi, and Bellamy and deliver all documents necessary to effect service to the U.S. Marshals Service.

---

[3]     Plaintiff indicates that he filed his grievance with the "Bronx Area II Office," but the address he provides – 82 Lincoln Avenue, Bronx, NY – is that for the Bronx I Area Office.(ECF No. 2, at 5 ¶ 16.); *see* https://doccs.ny.gov/location/bronx-region (last visited June 23, 2020).

The Clerk of Court is further instructed to mail a copy of this order and the complaint to the Attorney General of the State of New York at: 28 Liberty Street, New York, NY 10005. An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 30, 2020
        New York, New York

                                                        JESSE M. FURMAN
                                      United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.     Chairwoman Tina Stanford
Board of Parole
New York State Department of Corrections and Community Supervision
1220 Washington Avenue
Albany, NY 12226

2.     Commissioner Crangle
Board of Parole
New York State Department of Corrections and Community Supervision
1220 Washington Avenue
Albany, NY 12226

3.     Commissioner Demosthenes
Board of Parole
New York State Department of Corrections and Community Supervision
1220 Washington Avenue
Albany, NY 12226

4.     Commissioner Shapiro
Board of Parole
New York State Department of Corrections and Community Supervision
1220 Washington Avenue
Albany, NY 12226

5.     Shelley Mallozzi
Inmate Grievance Director
New York State Department of Corrections and Community Supervision
1220 Washington Avenue
Albany, NY 12226

6.     Karen Bellamy
Central Office Review Director
New York State Department of Corrections and Community Supervision
1220 Washington Avenue
Albany, NY 12226

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED
COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                  Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

Defendant 2:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

Defendant 3:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

Defendant 4:

First Name                    Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                           State                    Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____