UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DUWAYNE L. TERRY,                                                       :
:
Plaintiff,                                :
:    20-CV-3847 (JMF)
-v-                                                :
:    ORDER OF SERVICE
:
TINA STAMFORD, *Parole Board Chairman, in her*                          :
*individual and official capacity*, et al.                              :
:
Defendants.                               :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff, previously incarcerated in Washington Correctional Facility, *see* ECF No. 15,[1] brings this action under 42 U.S.C. § 1983, alleging that Defendants have arbitrarily denied his release to parole. By order dated June 23, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[2] On July 1, 2020, the Court issued an order directing the Clerk of Court, through the U.S. Marshals Service, to serve copies of the summons and complaint on the then-named Defendants. *See* ECF No. 11. The order also directed the New York State Attorney General's Office to identify the John and Jane Doe defendants named in Plaintiff's original complaint. *See id.* On July 23, 2020, the service attempted on Defendant Crangle was returned unexecuted. ECF No. 14. By contrast, Defendants Karen Bellamy and Shelley Mallozzi acknowledged receipt of service on August 4, 2020. ECF Nos. 16, 17.

---

[1]     On July 30, 2020, Plaintiff filed a notice of change of address informing the Court that August 14, 2020 was the date of his release. *See id.*

[2]     Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

On August 28, 2020, the New York Attorney General filed a letter identifying three Jane Doe defendants. ECF No. 18. On October 19, 2020, Plaintiff filed an amended complaint naming the newly identified defendants. ECF No. 21. On October 30, 2020, counsel filed a letter-motion seeking an extension of the deadline to respond to the Amended Complaint "on behalf of the served defendants" so that "all of the named defendants can respond at one time." ECF No. 23. Counsel also notes that "to date, [he] ha[s] received requests for representation from all the previously named defendants, with the exception of Parole Commissioner Crangle." *Id.* In light of this request, the Court presumes that all of the previously named defendants (except for Defendant Crangle) have been duly served with the original complaint. If counsel has any reason to think otherwise, **counsel shall promptly inform the Court**. Plaintiff consents to the extension request. *Id.* Accordingly, Defendants' motion is GRANTED.

**A.     Service on New Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Yasmina Garcia, Parole Officer; Renell Hamilton, Senior Parole Officer; and Jennifer Armstrong, Bronx Parole Bureau Chief, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

To effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out USM-285 forms for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these defendants.

Defendants are reminded that as required by N.Y.C.P.L.R. § 312-a, the acknowledgment form mailed by USMS states that to "avoid being charged with the expense of service" of the summons and complaint, the recipient has to complete and sign the form and return it to the Marshals within 30 days from the date of receipt and that if they do not do so, the costs of service may "be entered as a judgment against" them.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.   **Defendant Crangle**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court

3

in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the amended complaint, Plaintiff supplies sufficient information to permit the New York State Attorney General's Office to identify Defendant Crangle, Commissioner for the New York State Board of Parole.  It is therefore ORDERED that the Attorney General's Office, who is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity of Defendant Crangle and the address where he may be served.  The Attorney General's Office must provide this information to Plaintiff and the Court **within thirty days of the date of this order**.

## CONCLUSION

Defendants are directed to promptly serve a copy of this order on Plaintiff and to file proof of such service on the docket.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Garcia, Hamilton, and Armstrong, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to terminate ECF No. 23.

SO ORDERED.

Dated: October 30, 2020
New York, New York                                      JESSE M. FURMAN
                                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

Senior Parole Officer Yasmin Garcia
Bronx 1 Area Office
82 Lincoln Avenue
Bronx, NY 10454

Senior Parole Officer Renell Hamilton
Bronx II Area Office
14 Bruckner Boulevard
Bronx, New York 10454

Jennifer Armstrong
Bureau Chief, Schenectady Area Office
10 North Russell Road
Albany, New York 12206