UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
DUWAYNE L. TERRY, :
:
                            Plaintiff, :                    20-CV-3847 (JMF)
:
           -v-                           :                    <u>ORDER OF DISMISSAL</u>
:
TINA STAMFORD et al., :
:
                          Defendants. :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On October 1, 2021, Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. *See* ECF No. 11. As Plaintiff did not file any opposition to the motion, the Court, on May 26, 2022, ordered him to show cause by June 9, 2022, why Defendants' motion should not be deemed unopposed. ECF No. 112. The Court warned Plaintiff that failure to show such good cause "will result in Defendants' motion being deemed unopposed and may result in dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure." *Id*. Plaintiff has not filed any opposition.

      Upon review of Defendants' motion papers, the motion is GRANTED and the case is dismissed, both for failure to prosecute pursuant to Rule 41 and substantially for the reasons stated in Defendant's memorandum of law. ECF No. 90. Additionally, while leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Although courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), the Court declines to grant such leave here *sua sponte*. First, a district court may deny leave to amend when, as here, amendment would be futile because the problem with the claim "is substantive . . . [and] better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Second, Plaintiff was previously granted leave to amend his complaint, and he "has not requested permission to file a Second Amended Complaint, nor has he given any indication that he is in possession of facts that would cure the problems" identified in the instant motion to dismiss. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

Any pending motions are moot. All conferences are vacated. The Clerk of Court is directed to close the case and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: June 14, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge